IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| VICTOR CLAYTON JUAREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-3309 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Victor Clayton Juarez has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence.

Upon reviewing the Government's Response and the record under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court concludes that an evidentiary hearing is not warranted.

I. BACKGROUND

On March 8, 2012, Petitioner Victor Clayton Juarez entered open pleas of guilty to one count of Distribution of Child Pornography and one count of Possession of Child Pornography. *See United States v. Victor C. Juarez*, Case No. 3:11-cr-30007.

1

Based on a total offense level of 34 and criminal history category of I, Juarez's guideline range was calculated to be 151 to 188 months. Count 2 included a statutory maximum of 10 years imprisonment. The statutory provisions for the terms of supervised release under 18 U.S.C. § 3583(k) were 5 years to life per count.

On July 26, 2012, the Court sentenced Juarez to 132 months imprisonment on Count 1 and 120 months on Count 2, to run concurrently, along with a 20-year term of supervised release on each of Counts 1 and 2, to run concurrently. Juarez did not file a notice of appeal.

On December 6, 2018, Juarez filed his Motion under § 2255. In seeking habeas relief Juarez raises five grounds, three of which involve claims for ineffective assistance of counsel. Another ground involves what Juarez claims is his lack of knowledge of how his P2P software made material available and the lack of transfer of files, thereby warranting relief under U.S.S.G. Amendment 801. Juarez's final ground is that the Court erred and created a sentencing disparity under 18 U.S.C. § 3553(a) by imposing a period of supervised release that was greater than necessary.

The Government asks the Court to dismiss Juarez's § 2255 motion as untimely. Alternatively, the Government claims that none of Juarez's grounds under § 2255 have merit and his motion should be denied.

## II. DISCUSSION

Legal standard

A motion under § 2255 to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. A motion under § 2255 is not a substitute for a direct appeal. *See United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999). "For constitutional challenges to a conviction to be properly brought under a § 2255 proceeding, a defendant must make a showing of good cause for, and prejudice from, the failure to raise the issues on direct appeal." *Id*.

"[T]o prove ineffective assistance of counsel, [a petitioner] must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kirklin v. United States*, 883 F.3d 993, 996 (7th Cir. 2018) (internal quotation marks omitted). The presumption is that counsel advised his client effectively. *See Hutchings v. United States*, 618 F.3d 693, 696-97 (7th Cir. 2010). "Only if the petitioner comes forward with specific acts or omissions of his counsel that constitute ineffective assistance will we then consider whether these acts or omissions were made outside the wide range

of professionally competent assistance." *Id*. at 697 (internal quotation marks omitted).

Statute of limitations

Section 2255 contains a one-year limitations period which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

No government impediment prevented Juarez from filing a timely petition. Moreover, there has been no Supreme Court decision that created a retroactively applicable right for Juarez. Accordingly, Juarez's motion was due one year after his judgment of conviction became final.

If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See United States v. Clay*, 537 U.S. 522, 524-25, 532 (2003). In *Juarez*'s criminal case, the Judgment of Conviction was entered on July 27, 2012. Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, Juarez would then have had 14 days, through August 10, 2012, in which to file a notice of

appeal. For purposes of the § 2255(f)(1) statute of limitations provision, August 10, 2012, is the date that Juarez's conviction became final.

Based on the date that Juarez's judgment of conviction became final, Juarez had to file his § 2255 motion by August 10, 2013. Because Juarez's motion was not filed until more than five years later, on December 6, 2018, the limitations period had run and his motion was untimely.

Juarez asks the Court to equitably toll the statute of limitations because circumstances beyond his control at the Fort Dix Correctional Institute prevented him from timely filing his motion. Juarez claims that obstacles such as understaffing; making custody officers unavailable to inmates for access to case information, etc.; limited access to the law library due to lockdowns; only one copier to accommodate over 2000 inmates; and an insufficient number of computers and typing stations available, given the number of inmates and time limits regarding use.

The Seventh Circuit has explained that "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Lombardo v. United States*, 869 F.3d 547, 551 (7th Cir. 2017) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). To qualify for equitable tolling, a movant must show: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id*

The reasons cited by Juarez for his untimely motion do not justify equitably tolling the deadline to file his § 2255 motion.  None of Juarez's complaints establish that, despite the exercise of reasonable diligence, he could not discover the information he needed in order to file his claim on time.  Moreover, Juarez's complaints do not show that any extraordinary circumstances prevented timely filing.  The Court concludes that equitable tolling does not apply.  Juarez's motion will be dismissed.

### III. CONCLUSION

Because the Petitioner's § 2255 motion is untimely and he has not alleged viable grounds for equitable tolling, the Court finds that Petitioner is not entitled to relief under § 2255.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability.  Upon reviewing the entire record, the Court concludes that Petitioner Juarez has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).  Accordingly, the Court will deny a certificate of appealability.

Ergo, the Motion of Victor Clayton Juarez under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence [d/e 1] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

The Clerk will send a copy of this Order to Petitioner Victor Clayton Juarez at 722 Hendron Street, Philadelphia, PA 19128.

The Clerk will terminate any pending motions [d/e 11], enter Judgment and close this case.

ENTER: March 15, 2022

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge